IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH ACCARDO,<br><br>           Plaintiff,<br><br>-v-<br><br>EQUIFAX, INC., TRANSUNION, LLC, SYNCHRONY FINANCIAL and LENDING CLUB,<br><br>           Defendants. | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. After reviewing his Equifax, Inc. and Transunion, LLC credit reports, Joseph Accardo, the Plaintiff in this case, discovered that Lending Club, a peer-to-peer lending company, and Synchrony Bank/Lowes was reporting on his credit file. Mr. Accardo, who represents that he never had an account with Lending Club or Synchrony Bank/Lowes, disputed the inaccurate by writing several letters to Equifax, TransUnion, Synchrony, and Lending Club. Despite Mr. Accardo's best attempts to get these inaccuracies removed, Equifax, Transunion, Synchrony Bank and Lending Club refused to fix the errors. Predictably, this has impacted Mr. Accardo's life and ability to get credit.

2. Plaintiff therefore brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Lending Club and Synchrony Bank has negligently, recklessly and knowingly falsely reported on Mr. Accardo's credit file.

3. Plaintiff further alleges that Equifax, Inc. ("Equifax") and Transunion, LLC ("Transunion") has negligently and recklessly disseminated false information regarding the Plaintiff's credit, even after Mr. Accardo notified them of the inaccuracies.

-1-

4. Plaintiff further alleges Equifax and Transunion failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

5. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

6. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Missouri, and violated Plaintiff's rights under the FCRA in the state of New York as alleged more fully below.

7. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

8. Plaintiff, Joseph Accardo ("Plaintiff"), is a resident of Freeport, New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant Equifax is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

10. Equifax, Inc. is a corporation with its principal place of business at 1550 Peachtree Street

& One Atlantic Center, Atlanta, Georgia.

11. Defendant Transunion is also one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

12. Transunion is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

13. Defendant Lending Club is a national lender with its headquarters at San Francisco, California.

14. Defendant Synchrony Financial is a consumer financial services company headquartered in Stamford, Connecticut.

## FACTUAL ALLEGATIONS

15. On around February of 2018, the Plaintiff noticed that Lending Club and Synchrony Financial were reporting to the consumer reporting agencies, including Equifax and Transunion.

16. Plaintiff disputed this erroneous piece of information with the credit bureaus on numerous instances.

## As to Equifax

17. For example, on March 09, 2018 Plaintiff mailed dispute letters to Equifax stating emphatically that he never had an account with Lending Club or Synchrony Bank. **See**

**Exhibit A.**

18. Plaintiff further disputed the account by contacting Lending Club directly. **See Exhibit B.**

19. Despite receipt of these letters, Equifax, Lending Club, and Synchrony have continued to verify and report the inaccurate tradelines on his credit report causing the Plaintiff real harm. See **April 18, 2018 credit report marked as Exhibit C.**

20. On April 27, 2018, Plaintiff again disputed the Lending club trade line by with Equifax. See **Exhibit D.**

21. In response, Equifax wrote a letter dated May 09, 2018 to Plaintiff stating that they will not be conducting a further review of the file. See **Exhibit E.**

## As to Transunion

22. For example, on March 09, 2018 Plaintiff mailed dispute letters to Transunion stating emphatically that he never had an account with Lending Club or Synchrony Bank. **See Exhibit F.**

23. Despite receipt of Plaintiff's dispute, Transunion has continued to report and verify the Synchrony Bank trade line. **See Exhibit G**.

## As to All Defendants

24. Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's multiple disputes.

25. At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

26. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has been harmed in his daily life (which – contrary to Defendants' assertions – is still ongoing).

27. Defendants' violations of the FCRA accordingly caused the Plaintiff great distress,

annoyance and frustration in his daily life.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## U.S.C. § 1681i
## AGAINST EQUIFAX and TRANSUNION

28. All preceding paragraphs are realleged.

29. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

30. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

31. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A).

32. On multiple occasions in 2017, Plaintiff initiated disputes with Equifax and Transunion requesting that they correct a specific item.

33. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, even after Plaintiff submitted numerous disputes.

34. Transunion, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, even after Plaintiff submitted numerous disputes.

35. As a direct and proximate result of Equifax's and Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST LENDING CLUB and SYNCHRONY BANK

36. All preceding paragraphs are re-alleged.

37. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

38. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by Lending Club.

39. As evidenced by its responses to the Plaintiff, Lending Club received these disputes.

40. Lending Club was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

41. Lending CLub failed to reasonably investigate Plaintiff's dispute.

42. Indeed, Lending Club's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

43. Lending Club's and Synchrony Bank's conduct violated section 1681s-2(b) of the FCRA.

## DEMAND FOR TRIAL BY JURY

44. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B.  Awarding Plaintiff statutory damages;

C.  Awarding Plaintiff punitive damages;

D.  Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.  Awarding pre-judgment interest and post-judgment interest;

F.  A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G.  Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H.  Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated:  September 5, 2018

By:  /s/ Yitzchak Zelman

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
yzelman@MarcusZelman.com
*Attorney for Plaintiff*